lc Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 257 | DATE | Oct. 25, 2004 |
| CASE TITLE | Angelita Greviskes v Universities Research Ascn. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____.
3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
4) ☐ Hearing
5) ☐ Status hearing
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
7) ☐ Trial[set for/re-set for] on _____ at _____.
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendant's motion for attorney's fees is granted and the court awards defendant the sum of $54,613.50 in attorney's fees. In addition the court awards defendant taxable costs in the sum of $14,435.95.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 26 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. District Court | | |
| GS | courtroom deputy's initials | 2004 OCT 25 PM 1:0 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELITA GREVISKES,<br><br>　　　　Plaintiff<br><br>v.<br><br>UNIVERSITIES RESEARCH ASSOCIATION,<br>INC., d/b/a Fermilab,<br><br>　　　　Defendant. | No. 03 C 0257<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

In the fee petition currently pending before this court, plaintiff Angelita Greviskes and her attorney, John Dore, demonstrate a continued inability or unwillingness to follow the directions and the rules of the court, opting instead to prolong unnecessarily this rather unpleasant litigation. Plaintiff's response to defendant's court-directed motion for attorney's fees is as incoherent and ineffective as her behavior throughout this case. For the reasons discussed below, defendant's motion is granted in its entirety.

By Memorandum Opinion and Order dated June 16, 2004, this court dismissed plaintiff's Title VII action as the "ultimate sanction" for numerous improprieties and unlawful conduct in this case, including obstruction of justice and wire fraud. Angelita Greviskes v. Universities Research Associates, Inc., __ F. Supp.2d __, 2004 WL 1385834 (N.D. Ill. 2004) ("Greviskes I"). The court also granted defendant's request for an award of attorney's fees incurred in connection with the motion to dismiss, and directed the parties to comply with Local Rule 54.3. That rule requires the parties to "confer and attempt in good faith to agree on the amount of fees or related non-taxable expenses that should be awarded prior to filing a fee petition."

Defendant's counsel at Seyfarth, Shaw LLP ("Seyfarth") complied with their LR 54.3 obligations by submitting a fee request to plaintiff's attorney, Mr. Dore, along with copies of their relevant timesheets/invoices and a summary of the monthly billing of each Seyfarth attorney who worked on the motion to dismiss. In addition, defendant agreed to remove from the amount actually charged by Seyfarth to defendant the sum of $10,317.50, representing all the time charged by two attorneys and part of the time charged by another, resulting in a net fee request of $54,613.50. Seyfarth informed Mr. Dore that its attorneys charged defendant a "blended rate" of $230 an hour for all attorneys, partners and associates (and provided documentation to verify this arrangement). Defendant also filed a bill of costs with the clerk pursuant to Fed. R. Civ. P. 54(d)(1), to which no objection has been filed.

Plaintiff responds to defendant's motion for attorney's fees by inaccurately claiming that defendant failed to comply with LR 54.3, questioning certain redactions in Seyfarth's time records, attacking the subpoenas issued by defendant that exposed plaintiff's misconduct (described in Greviskes I), and attacking this court's jurisdiction. All of these arguments are patently frivolous.

The timesheets and other documentation provided by Seyfarth more than fulfilled defendant's LR 54.3 obligations. They gave plaintiff and Mr. Dore everything they needed to respond in the constructive, professional manner envisioned by the local rule. Seyfarth provided documentation to support the fee arrangement for a flat fee for all attorneys, redacted only those portions of its timesheets that were irrelevant to the fee petition, and voluntarily reduced the fees actually charged to defendant by more than $10,000 in order to accommodate any possible objections by plaintiff.

Plaintiff's continued attack on the subpoenas to the telephone company and the jurisdiction of this court have previously been raised and rejected. Greviskes I. The latest attacks represent nothing less than continued evidence of the failure of plaintiff and her lawyer to understand their obligations in these proceedings. Plaintiff has every right to appeal this court's dismissal of her case, as she has, but until and unless that appeal is decided in her favor, plaintiff has an obligation to obey the instructions of this court and the requirements of the local rules. This she has failed to do.

Perhaps most egregiously, plaintiff has failed to identify a single time entry that she claims is improper[1], has failed to cooperate in the preparation of a joint statement as required by LR 54.3(e), and has failed to suggest what a reasonable fee would be for preparing and prosecuting the motion to dismiss.[2] LR 54.3(d). Instead, plaintiff continues to demand that no fee be imposed -- a demand that this court has already rejected when it granted defendant's request for fees in Greviskes I. Defendant was put to the burden of discovering plaintiff's dishonesty and exposing it to the court, despite plaintiff's repeated attempts to conceal her activities, as described in Greviskes I. After extensive discovery, in which plaintiff threw up every roadblock she and her lawyer could think of, the court held an evidentiary hearing which resulted in its ruling that plaintiff's unlawful and dishonest conduct required dismissal of her action.

---

[1] LR 54.3(d) requires the opposing party to identify those portions of a proposed fee petition that the opposing party finds objectionable.

[2] This court has recently had occasion to criticize another party responding to a petition for attorney's fees without suggesting a proper fee award. Zaghloul v. DaimlerChrysler Services, LLC, 2004 W.L. 2203427 at *2 (N.D. Ill. 2004).

The court has reviewed thoroughly defendant's timesheets that were attached to its motion for attorney's fees and finds no reason to reduce the fees requested. Certainly, plaintiff has failed to specify any reason to reach a different conclusion. Accordingly, defendant's motion for attorney's fees is granted, and the court awards defendant the sum of $54,613.50 in attorney's fees. In addition, the court awards defendant taxable costs in the sum of $14,435.95, as specified in defendant's bill of costs filed pursuant to Fed. R. Civ. P. 54(d)(1).[3]

**ENTER:** October 25, 2004

Robert W. Gettleman
United States District Judge

---

[3]Although plaintiff objects to defendant's bill of costs in response to defendant's petition for fees, plaintiff failed to file an objection as specified by Rule 54(d)(1). Accordingly, the costs requested are automatically taxed by the clerk.

4